HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DRIVELINE BASEBALL ENTERPRISES, LLC, a Washington corporation,

Petitioner,

v.

TOP VELOCITY, LLC, a Louisiana corporation, and BRENT POURCIAU, Individually and on Behalf of the Marital Community Comprised of BRENT POURCIAU and JANE DOE POURCIAU,

Respondents.

No. 2:21-cv-00946-RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the Court on Petitioner Driveline Baseball Enterprises, LLC's ("Petitioner") petition to confirm its arbitration award against Respondents Top Velocity, LLC and Brent Pourciau (collectively "Respondents"). Dkt. 1. For the reasons below, the Court **GRANTS** the petition. *Id.*

## II.   BACKGROUND

On January 25, 2021, Petitioner filed a demand for arbitration (the "Demand")

ORDER – 1

with JAMS, entitled *Driveline Baseball Enterprises, LLC v. Top Velocity, LLC and Brent Pourciau*, JAMS Ref. No. 1160024119 (the "Arbitration"). *Id.* ¶ 8. Petitioner asserted that Respondents breached a January 28, 2020 Settlement Agreement between the parties (the "Agreement") and sought $150,000 in liquidated damages for each breach. *Id.* ¶ 9-10. On May 27, 2021, the Hon. J. Kathleen Learned presided over a one-day arbitration hearing in which all parties were represented. *Id.* ¶ 14.

On June 15, 2021, Arbitrator Learned issued a partial final arbitration award in Petitioner's favor in the amount of $300,000 in liquidated damages and directed Petitioner to submit a petition for attorney's fees in accordance with the Agreement. *Id.* ¶ 16. Two weeks later, Petitioner submitted a petition for attorney's fees and costs in the amount of $59,933.70. *Id.* ¶ 17. On July 15, 2021, Arbitrator Learned issued the final arbitration award incorporating the June 15, 2021 partial final award and an award of attorneys' fees and costs for a total of $359,933.70 with an annual interest of twelve percent from the date of issuance of the award. *Id.* ¶ 18.

On July 15, 2021, Petitioner brought this action to confirm the arbitration award. *Id.* A month later, Respondents submitted objections, noting that pursuant to 9 U.S.C. § 12, Respondents have three months from the date on which the award is filed to move the court to vacate or modify the award. Dkt. 11 ¶ 19. Therefore, Respondents claim that Petitioner "could have and should have waited until the (3) month deadline passed for Respondents to file a motion to vacate/modify the award," and asked the Court to wait to rule on the Petition until the deadline to file a motion to challenge the award had passed on September 15, 2021. *Id.* Respondents indicated that they would file a motion to vacate/modify the arbitration award by the deadline. *Id.* at 4. Petitioner subsequently filed a reply arguing that Respondents did not have grounds to move to vacate the award and claiming that Petitioner was entitled to additional attorneys' fees under the terms of the Agreement based on Respondents' attempt to oppose the arbitration award. Dkt. 12 at 3.

ORDER – 2

On September 15, 2021, Respondents withdrew their objection to the entry of judgment on the arbitration award. Dkt. # 13. Although Respondents indicated that they "vehemently disagree with the contents of the award," they affirmed that they would not file a motion to modify or vacate the arbitration award, Dkt. 14 at 3, and "there will be no challenge to the award under 9 USC § 10 or 9 USC § 11," Dkt. 13 at 2. With respect to Petitioner's claim for additional attorneys' fees, Respondents argue that no further fees or costs should be awarded because Petitioner's petition for entry of the award "was premature and before the expiration of Respondents' rights" and Petitioner refused to accommodate Respondents with respect to their request for continuance to avoid such costs. *Id.* at 2-3.

### III.   DISCUSSION

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, states that "any time within one year after the award is made any party to the arbitration may apply to the court . . . for an order confirming the award." If an award is not vacated, modified, or corrected under § 10 or § 11, then the court must grant a motion confirming the arbitration award. 9 U.S.C. § 9. "[C]ourts may vacate an arbitrator's decision 'only in very unusual circumstances.'" *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564 (2013) (citation omitted). "It is only when [an] arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010).

Petitioner brought this action within one year of the arbitration award pursuant to 9 U.S.C. § 9. Respondents were served with the statutorily required notice of the petition in accordance with 9 U.S.C. § 9. Respondents withdrew any objections and do not challenge the award under 9 U.S.C. § 10 or 9 U.S.C. § 11. The arbitration award has not been vacated under 9 U.S.C. § 10 or modified or corrected under 9 U.S.C. § 11. The Court finds that Petitioner is entitled to confirmation of the award.

ORDER – 3

// 
// 
// 
// 

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioner's petition to confirm the arbitration award. Dkt. 1. It is hereby **ORDERED** that the arbitration award is **CONFIRMED** in its entirety. The Court defers ruling on liability of additional attorneys' fees related to Petitioner's petition. Petitioner may submit its request for additional attorneys' fees related to its petition within fourteen (14) days of the date of this order.

DATED this 6th day of December, 2021.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 4