HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DRIVELINE BASEBALL ENTERPRISES, LLC, a Washington corporation,

Petitioner,

v.

TOP VELOCITY, LLC, a Louisiana corporation, and BRENT POURCIAU, Individually and on Behalf of the Marital Community Comprised of BRENT POURCIAU and JANE DOE POURCIAU,

Respondents.

Case No. 2:21-cv-000946-RAJ

**ORDER**

## I.   INTRODUCTION

This matter comes before the Court on Petitioner Driveline Baseball Enterprises LLC's ("Petitioner") motion for attorney's fees. Dkt. # 19. Respondents Top Velocity and Brent Pourciau (collectively, "Respondents") oppose the motion. Dkt. # 21. Petitioner submitted a reply requesting an increased amount of attorney's fees based on additional work. Dkt. # 23. For the reasons below, the motion is **GRANTED in part.**

## II.   BACKGROUND

On July 15, 2021, Petitioner filed a petition seeking an order from this Court confirming the JAMS final arbitration award issued and signed by the Honorable

ORDER – 1

1  Kathleen Learned, who served as the arbitrator, and entry of judgment pursuant to 9
2  U.S.C. § 13. Dkt. # 1 ¶ 1. On that day, Arbitrator Learned signed and issued a final
3  arbitration award, which consisted of a partial final arbitration award in Petitioner's favor
4  in the amount of $300,000, and an award of attorneys' fees and costs in the amount of
5  $59,933.70, for a total award of $359,933.70. *Id.* ¶¶ 16-17. In addition to its request that
6  this Court issue an order confirming the award and judgment in favor of Petitioner,
7  Petitioner requested an award of reasonable costs for filing the petition. *Id.* at 5.

8        On August 16, 2021, Respondents filed a response to the petition. Dkt. # 11.
9  While admitting most statements of the petition, Respondents noted that they have three
10 months from the date that the award is filed or delivered to move the Court to vacate or
11 modify the award pursuant to 9 U.S.C. § 12. *Id.* ¶ 19. They stated that they "anticipate
12 filing a timely motion to vacate/modify the award prior to September 15, 2021 (or the
13 exact three month deadline, whichever is earlier)." They went on to claim that "[a]s a
14 practical matter, Petitioner could have and should have waited until the (3) month
15 deadline passed for Respondents to file a motion to vacate/modify the award, which may
16 have saved the parties the expense, and the court the time associated with, these
17 pleadings." *Id.* Respondents asked the Court to defer ruling on the petition until after the
18 deadline to file a motion to challenge the award. *Id.* Several days later, Petitioner filed a
19 reply in support of the petition, arguing that "no compelling grounds exist under the FAA
20 for limiting the award," and that Respondents "have yet to identify the arguments they
21 plan to raise." Dkt. # 12 at 1-2.

22       Three weeks later, on September 15, 2021, Respondents withdrew their "potential
23 objection" to the petition. Dkt. # 13. Respondents' local counsel, Mark E. Bardwil,
24 explained that he had been retained on July 22, 2021 and had not reviewed any material
25 from the arbitration prior to the filing of the petition before the Court. *Id.* at 2. He had
26 been asked to determine if there were any issues that would preclude entry of the award
27 under 9 U.S.C. § 10 or § 11. *Id.* Upon receiving the petition, he had asked Petitioner for

28 ORDER – 2

additional time to review the petition, based in part on his planned personal trip out of state which would hamper his ability to review the materials by the original hearing date. *Id.*  Petitioner refused.  *Id.*  After he reviewed the legal issues pursuant to 9 U.S.C. § 10 or § 11, Mr. Bardwil, on behalf of Respondents, withdrew any objection to entry of a judgment and affirmed that there would be no challenge to the award.  *Id.*

Mr. Bardwil argued that no fees or costs should be awarded to Petitioner for three reasons:

> (1) Petitioner's Petition for entry of the award was premature and before the expiration of Respondents' rights under [9 USC § 10] or [9 USC § 11]*;*
> (2) Respondents requested a continuance of the hearing on Petition until the matter could be reviewed by new counsel (thus saving further expense associated with a reply by Respondents[)], and
> (3) Petitioners refused to accommodate Respondents with respect to the continuance request so that such costs could be avoided.

*Id.* at 2-3.

On September 29, 2021, Petitioners filed a response to Respondents' withdrawal of objection to the entry of judgment.  Dkt. # 17.  Petitioners again asked the Court to enter the order confirming the arbitration award and enter judgment, in light of Respondents' withdrawal of any objection.  *Id.* at 2.  The Court subsequently granted the petition, confirming the arbitration award in its entirety, and deferred ruling on attorney's fees until it reviewed a separate motion for attorney's fees to be filed by Petitioner within 14 days of the Order.  Dkt. # 18.

Petitioner timely filed the pending motion for attorney's fees in the amount of $15,410, Dkt. # 19, which was opposed by Respondents, Dkt. # 21.  Petitioner then filed a reply with a request for a higher amount to account for additional fees incurred in the reply.  Dkt. # 23.

### III.   DISCUSSION

In the pending request, Petitioner seeks a total of $17,559 in attorney's fees pursuant to Federal Rule of Civil Procedure 54(d)(2) and RCW 4.84.330.  Dkt. ## 19, 23.

ORDER – 3

RCW 4.84.330 provides as follows:

> In any action on a contract or lease . . . where such contract or lease specifically provides that attorneys' fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he or she is the party specified in the contract or lease or not, shall be entitled to reasonable attorneys' fees in addition to costs and necessary disbursements.

RCW 4.84.330. Respondents do not dispute that Petitioner is the prevailing party entitled to attorney's fees under the settlement agreement. Respondents argue instead that the fees sought by Petitioner are "clearly exorbitant and unreasonable" and should be denied as such or limited to $1,000 at most. Dkt. # 21 at 9. The Court concludes that Petitioner, as the prevailing party, is entitled to attorney's fees. The remaining question before the Court is whether Petitioner's requested amount for attorney's fees is appropriate.

In granting attorney's fees, "[t]he district court has a great deal of discretion in determining the reasonableness of the fee." *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). The basic standard used in determining the proper award of fees is the two-part "lodestar" approach. *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). The Court must first determine "the number of hours reasonably expended multiplied by a reasonable hourly rate." 987 F.2d at 1397. The district court "should exclude from this initial fee calculation hours that were not reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (internal quotations and citation omitted). It may then adjust the amount based on the following factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975):

> (1) the time and labor required,
> (2) the novelty and difficulty of the questions involved,
> (3) the skill requisite to perform the legal service properly,
> (4) the preclusion of other employment by the attorney due to acceptance of the case,
> (5) the customary fee,
> (6) whether the fee is fixed or contingent,
> (7) time limitations imposed by the client or the circumstances,
> (8) the amount involved and the results obtained,

ORDER – 4

(9) the experience, reputation, and ability of the attorneys,
(10) the 'undesirability' of the case,
(11) the nature and length of the professional relationship with the client, and
(12) awards in similar cases.

Petitioner requests the following fees based on the number of hours per task:

| Task | Number of Hours | Total Fees |
| --- | --- | --- |
| Petition to Confirm Arbitration Award | 28.2 | $6,338.00 |
| Review of Respondents' Response to Petition | 0.7 | $245.00 |
| Reply to Respondents' Response to Petition | 8.8 | $1,948.50 |
| Review of Respondents' Withdrawal of Objection | 0.3 | $105.00 |
| Response to Respondents' Withdrawal | 6.5 | $1,463.00 |
| Motion for Attorneys' Fees & Reply | 33 | $7,459.50 |

Dkt. # 24 at 2.

The Court finds—and Respondents acknowledge—that the hourly rate of attorney's fees of $235 per hour for an associate attorney and $300 to $350 per hour for a partner and experienced attorney are reasonable as they reflect the current rates in this market. The Court does not, however, find the number of hours spent to be reasonable, particularly given the fact that, prior to Petitioner's motion for attorney's fees, Respondents filed only (1) a four-page response to the petition, seeking additional time for review of the petition, Dkt. # 11, and (2) a short notice of withdrawal of potential objections to entry of judgment on the arbitration award, Dkt. # 13.

First, the Court finds that the expenditure of 28.2 hours on the Petition to Confirm Arbitration Award is excessive. In the Petition, Petitioner identified the parties and basis for jurisdiction, listed the facts underlying the petition, and indicated its request for confirmation and short prayer for relief—all within five pages. Dkt. # 1 at 1-4. The Petition contains no complex legal arguments requiring significant time and labor, nor any novel or difficult questions. The first two *Kerr* factors thus weigh in favor of a

ORDER – 5

downward adjustment of 40 percent.

Second, the Court finds that Petitioner's reply to Respondents' Response to the Petition, Dkt. # 12, and Petitioner's response to Respondents' withdrawal, Dkt. # 17, were unnecessary. Petitioner stated that its reply to Respondents' Response to the Petition was appropriate and "noted the lack of merit to any motion to vacate or modify." Dkt. # 23 at 3. However, a motion to vacate or modify had not been filed. Respondents' response admitted most of the statements in the petition and asked the Court to defer ruling on the petition until the deadline to file a motion to challenge the award had passed. Dkt. # 11 ¶ 19. Although Respondents indicated that they "anticipated filing a timely motion to vacate/modify the award" prior to the three-month deadline, they had not done so. *Id.* Petitioner filed a reply preemptively arguing a motion that had not yet been filed.

The Court similarly finds that Petitioner's response to Respondents' withdrawal of any potential objections was unwarranted. Dkt. # 17. In the absence of a motion to modify or vacate, Petitioner did not need to respond to anything. Petitioner's motion was duplicative of its initial petition for confirmation of the arbitration award and unnecessary. While the Court finds that Petitioner's time spent reviewing Respondents' filings and communicating with clients was appropriate, the Court finds that Petitioner's expenditure of time on responses to both filings was unnecessary. The Court declines to award attorney's fees based on the hours worked on these responses.

Because the Court finds that responses to these filings were unnecessary, the time spent on them in the motion for attorney's fees is similarly unnecessary. The Court thus finds that a downward adjustment of 40 percent on the motion for attorney's fees is appropriate. Based on the foregoing conclusions, the Court makes the following adjustments:

| Task | Hours | Requested Fees | Adjusted Amount |
|---|---|---|---|
| Petition to Confirm Arbitration | 28.2 | $6,338.00 (x 0.6) | $3,802.80 |

ORDER – 6

| Award | | | |
|---|---|---|---|
| Review of Respondents' Response to Petition | 0.7 | $245.00 | $245 |
| Reply to Respondents' Response to Petition | 8.8 | $1,948.50 | 0 |
| Review of Respondents' Withdrawal of Objection | 0.3 | $105.00 | $105 |
| Response to Respondents' Withdrawal | 6.5 | $1,463.00 | 0 |
| Motion for Attorneys' Fees & Reply | 33 | $7,459.50 (x 0.6) | $4,475.70 |
| | | **TOTAL** | **$8,628.50** |

### IV.   CONCLUSION

For the reasons stated above and consistent with this Court's prior order, the Court **GRANTS in part** Petitioner's Motion for Attorney's Fees in the amount of $8,628.50.

DATED this 7th day of April, 2022.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge


_____
The Honorable Richard A. Jones
United States District Court Judge

ORDER – 7